# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| DAVID A. BAKER, | ) | |
| | ) | Case No. 4:18-cv-28 |
|     *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| DAVID FORD, LINCOLN COUNTY, and | ) | |
| LINCOLN COUNTY COMMISSION, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On February 26, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of the order to return completed service packets for the remaining Defendants in this case and warning Plaintiff that if he failed to timely comply therewith, the Court would dismiss this action. (Doc. 9, at 7–8.) After the Court subsequently received a notice that Plaintiff's address had changed on March 11, 2019 (Doc. 10), the Clerk resent the Court's February 26, 2019 order to Plaintiff at his updated address the next day. Plaintiff, however, did not comply with the Court's order or otherwise communicate with the Court. Accordingly, on April 26, 2019, the Court entered an order requiring Plaintiff to show good cause within fifteen days from the date of entry of that order as to why this matter should not be dismissed for want of prosecution and/or failure to comply with Court orders and notifying Plaintiff that if he did not do so, this action would be dismissed. (Doc. 11, at 1–2.) More than twenty days have passed and Plaintiff still has not complied with the Court's order or

otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for failure to comply with Court orders and want of prosecution.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's previous orders, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's orders. (Doc. 9, at 8; Doc. 11, at 1–2.)

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding proceed *in forma pauperis* (Doc. 7) in this case and he is not responding to the Court's orders or otherwise communicating with the Court.

2

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**